# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1:04-CV-5953-AWI-DLB-P |
| Plaintiff, | SECOND ORDER DIRECTING UNITED STATES MARSHAL TO INITIATE SERVICE ON DEFENDANTS BRYANT AND KRAAY WITHOUT PREPAYMENT OF COSTS |
| v. | |
| A. DIAZ, et al., | [DOC # 32] |
| Defendants. | |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed December 22, 2004, against defendants A. Diaz, E. Lawton, G. Tracy, D. Beebe, Kraay (named incorrectly as Traay), D. Bailey, Bryant, D. Case, M. Botello and Dr. Dang. On May 31, 2005, the Marshal returned the service documents regarding defendants Kraay and Bryant, indicating that these defendants could not be located. At the Court's request, plaintiff provided additional information indicating that defendant I. D. Bryant (originally sued as T. Bryant) is a 6'6 350 pound white male who was assigned to the Acute Care Hospital, Unit "A" on May 5, 2002. Plaintiff also states that defendant Terry W. Kraay (originally sued as "T.Traay") was the Acute Care Hospital Sergeant on May 5, 2002.

**The court and the Marshal have a statutory duty to service process on plaintiff's behalf. Based on plaintiff's submisison, it appears that he orignally incorrectly named these defendants.** Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward the following documents to the United

1

States Marshal:

(1) One completed and issued summons for <u>each</u> defendant to be served;

(2) One completed USM-285 form for <u>each</u> defendant to be served;

(3) One copy of the amended complaint filed on December 22, 2004 for <u>each</u> defendant to be served, plus an extra copy for the Marshal;

(4) One copy of this order for <u>each</u> defendant to be served, plus an extra copy for the Marshal;

(5) One copy of the court's consent form for <u>each</u> defendant to be served.

2. Within ten days from the date of this order, the United States Marshal is directed to notify the following defendants of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

**I. D. BRYANT**

**TERRY W. KRAAY**

3. The U.S. Marshal is directed to retain the summons and a copy of the complaint in their file for future use.

4. The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.

5. **In attempting to identify and locate defendants Bryant and Kraay, the U.S. Marshal shall utilize the information contained in this order and shall command all necessary assistance from the California Department of Corrections (CDC) in attempting to identify to the two defendants.**

6. If a waiver of service is not returned by defendants within sixty days of the date of mailing the request for waiver, the United States Marshal shall:

a. Personally serve process and a copy of this order upon the defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California

1  Department of Corrections (CDC) to execute this order.  The United States
2  Marshal shall maintain the confidentiality of all information provided by the
3  CDC pursuant to this order.

    b.    Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendants, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendants.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendants in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

7. In the event that defendants make an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshals Service need not personally serve defendants.

8. In the event that defendants either waive service or are personally served, defendants are required to reply to the complaint.  42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

Dated:    February 14, 2006               /s/ Dennis L. Beck
3c0hj8                                          UNITED STATES MAGISTRATE JUDGE