1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   DONALD GLASS,                                   CASE NO. 1:04-CV-5953-AWI-DLB-P

10                          Plaintiff,              ORDER RE PLAINTIFF'S MOTION TO
                                                    COMPEL RESPONSES TO DISCOVERY
11         v.                                       AND PLAINTIFF'S MOTION FOR ISSUANCE
                                                    OF SUBPOENAS
12   A. DIAZ, et al.,
                                                    Doc. 76
13                          Defendants.
     _____/
14

15         Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action

16   pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's amended complaint, filed

17   December 22, 2004, against defendants A. Diaz, E. Lawton, G. Tracy, D. Beebe, Kraay (named

18   incorrectly as Traay), D. Bailey, Bryant, D. Case, M. Botello and Dr. Dang.  Plaintiff claims

19   defendants used excessive, failed to protect him and were deliberately indifferent to his medical

20   needs in violation of the Eighth Amendment.  Plaintiff also claims defendants interfered with his

21   access to the courts between April 17, 2002 and May 25, 2002 by withholding his legal mail.  On

22   October 30, 2006, plaintiff filed a motion to compel responses to Request for Admissions he served

23   on defendants Diaz and Laton.  He also moves to compel production of documents.  Defendants filed

24   an opposition on November 17, 2006.  Plaintiff filed a reply on December 4, 2006 and defendants

25   filed a surreply on December 6, 2006.

26         **_Plaintiff's Requests for Admissions_**

27         On March 29, 2006, plaintiff turned over to a correctional officer for mailing, his First Set

28   of Requests for Admissions (RFA) directed to defendant Diaz.  Defendants' counsel sent a letter to

1

1  plaintiff advising that the discovery was untimely and therefore a response would not be served.  On

2  August 28, 2006, the Court issued an order granting plaintiff's motion to extend the discovery cutoff,

3  setting the new discovery deadline for October 27, 2006.  On September 18, 2006, plaintiff turned

4  over to a correctional officer for mailing, his First Set of RFA's directed to defendant Lawton.

5  Included in the packet was a letter to defense counsel requesting that Lt. Diaz respond to the RFA's

6  previously served.  On September 27, 2006, defense counsel sent a letter to plaintiff explaining that

7  he had served the discvoery requests late and neither Lawton nor Diaz would be responding.

8  　　　　On October 30, 2006, On October 30, 2006, plaintiff filed the present motion to compel

9  further responses to his first RFA's.   After an extension of time, defendants filed an opposition on

10  November 17, 2006.

11  　　　　On December 27, 2006, defendants filed a motion for summary judgment to which plaintiff

12  states he is unable to respond due to defendants' failure to respond to his discovery.  On February

13  15, 2007, plaintiff filed a motion for additional time to conduct discvoery pursuant to Rule 56(f).

14  The granted this motion, pending resolution of the discovery disputes.

15  　　　　Defendants object to the RFA's as untimely and argue they should not be required to respond.

16  　　　　As noted, on August 28, 2006, the Court extended the discovery cutoff to October 27, 2006.

17  Because plaintiff requires the discovery in order to respond to defendants' motion for summary

18  judgment and a decision on the merits is in the best interests of both parties, plaintiff's motion to

19  compel defendants Diaz and Lawton to respond to the RFA's previously served is granted.

20  　　　　**Plaintiff's Requests for Production of Documents**

21  　　　　On January 19, 2006, plaintiff turned over to a correctional officer for mailing a First Request

22  for Production of Documents (RFP) that included sixteen requests for production.  On March 8,

23  2006, defendants were granted a thirty-day extension of time to respond.  Defendants served a

24  written response on April 6, 2006 as well as producing approximately 156 pages of documents.  On

25  May 4, 2006, defendants made a supplemental production that included approximately 150 pages

26  of additional documents.

27  　　　　On October 30, 2006, plaintiff filed the present motion to compel further responses to his

28  first RFP.  After an extension of time, defendants filed an opposition on November 17, 2006.

In **Request Number 1**, plaintiff seeks copies of legal mail receipts that he signed between November 2001 and July 2002. These documents are relevant to plaintiff's claim that defendants interfered with his access to the courts by withholding his legal mail. Consequently, defendants are ordered to further respond to this request. Defendants contend that they do not have possession, custody or control of these documents. Defendants are ordered to provide a declaration from an appropriate official within CDCR confirming that defendants do not have access to the requested documents. If the Court is satisfied that defendants cannot provide the requested documents, the Court will grant plaintiff's request for subpoenas so that he may subpoena the custodian of records of CDCR.

In **Request Number 2**, plaintiff seeks copies of the "confidential portions" of his central file. Defendants' objection is sustained. This request is overly broad as it seeks the entire confidential section. Further, plaintiff fails in his motion to compel to justify the relevance of this request as framed. Plaintiff essentially reiterates the bases for his claims, asserts that he is seeking relevant, admissible evidence, and states that the confidential section contains information which will support his claims. Plaintiff has not justified his attempt to gain access to the entire confidential section of his central file. Plaintiff has set forth no argument demonstrating that the confidential section contains information relevant to his claims in this action. Plaintiff's motion to compel is denied.

In **Request Number 3**, plaintiff seeks the confidential portions of defendants' personnel files. Defendants object to this request on several grounds, including privilege; violation of privacy; lack of possession, custody or control; and relevancy. Defendants' objections are partially sustained. This request suffers from the same problems as Request Number 2. Plaintiff may not use discovery as a fishing expedition entitling him to review defendants' personnel files in their entirety. As framed, plaintiff's request is overly broad, and plaintiff has made no specific showing with respect to relevancy. Plaintiff's motion to compel is denied.

In **Request Numbers 4 and 5**, plaintiff requests documents referring to allegations of misconduct by "prison staff involving defendants" and misconduct "alleged by inmates involving defendants." Defendants object to the requests on the grounds that they are overly broad and irrelevant. Defendants also contend that inmate appeals filed against staff are maintained in the

1  individual inmate's central file and may not be accessed by other inmates.  Defendants also assert

2  privacy and lack of possession, custody or control.

3       The Court  grants plaintiff's request in part, subject to the limitations that follow.

4  Plaintiff's request was not limited to inmate grievances.  The Court finds it somewhat

5  unbelievable that complaints against an employee are not kept in some manner and/or location

6  specifically referencing that employee.  If, after double-checking with the appropriate record

7  keeping departments and human resource personnel, this is in fact true, the Court must accept

8  defendants' proffer that there is no way to retrieve the documents plaintiff seeks, absent

9  reviewing thousands of inmate grievances.  However, the Court finds the assertion that there are

10 no notations, listings, copies of, or otherwise any documentation of any kind of any complaints

11 **within** any personnel files of defendants not to be credible.

12      Assuming that defendants can locate documents that meet plaintiff's request, the

13 documents must be relevant to the subject matter in the pending action.  Thus, plaintiff's request

14 must be narrowed to include only those grievances, complaints, etc. filed against the defendants

15 in this action that are factually similar to plaintiff's allegations in the instant action.  Further,

16 plaintiff's request must be narrowed to a specific time period.  The events giving rise to the

17 claims against the defendants in this action occurred in April and May of 2002.  Accordingly, the

18 documents requested by plaintiff are limited to the time period between  6/01 and 12/02.

19 Defendants shall provide plaintiff with the relevant documents requested within thirty days from

20 the date of service of this order.  Defendants may redact from the relevant documents any

21 information relating to the identities of third parties.  If, after double-checking with the

22 appropriate record keeping departments and human resource personnel, defendants stand by their

23 contention that this request is burdensome, defendants shall so notify the Court within thirty days

24 from the date of service of this order and the Court will revisit this objection.

25      In **Request Numbers 10 through 14**, plaintiff seeks "post orders" for defendants in their

26 respective assignments.  Defendants object to these requests on the grounds that the information,

27 if released, may jeopardize the safety and security of the institution, the inmates, or the staff.

28 Defendants have provided no information regarding the nature of this information or why

4

1   production would jeopardize the security of the institution.  However, the Court is mindful of the

2   security concerns associated with the prison environment.  Accordingly, defendants are ordered

3   to provide further detail regarding their objections to Requests 10 though 14 within ten (10) days

4   of this Order.  Plaintiff may then respond within ten (10) days.

5          **Request No. 15** seeks CDC Form 119 relating to incoming and outgoing legal mail from

6   March 1, 2001 through February 1, 2006.  Plaintiff states that these documents are not the same

7   documents requested in Request Number 1.  Defendants object to this request based on relevancy

8   and lack of possession, custody or control.  Defendants relevancy objection is overruled.  When

9   narrowed to the time frame of  the allegations, these documents are relevant.  Again, the Court

10  finds it difficult to believe that defendants do not have the ability to obtain these documents.

11  Accoridnlgy, defendants are ordered to either produce the requested documents to plaintiff or

12  provide the Court with a declaration from a qualified official within CDCR stating that

13  defendants do not have access to the requested documents.   If defendants satisfy the Court that

14  they do not have the ability to produce the documents, the Court will grant plaintiff's request for

15  the issuance of subpoenas, which will obviously further delay this action.  Nevertheless, the

16  Court will not proceed with defendants motion for summary judgment until it is satisfied that

17  plaintiff has had adequate time and access to discovery.

18         In **Request Number 16**, plaintiff seeks copies of his medical file from March 2001

19  through February 1, 2006 and specifically Volumes VII through X.  Defendants object to this

20  request on the grounds that plaintiff has the ability to access his medical file whereas they do not.

21  Defendants' objections are justified.  Plaintiff has made no showing that he has been unable to

22  obtain these records on his own.  If the records are equally available to plaintiff, plaintiff must

23  attempt to obtain them through the proper prison channels.

24  **C.**     <u>**Conclusion**</u>

25         Based on the foregoing, it is HEREBY ORDERED that:

26       1.      Plaintiff's motion to compel responses to Request for Admissions Served on

27                defendants Diaz and Lawton is GRANTED.  Defendants shall respond to the

28                Requests and file a notice of compliance with the Court within **twenty (20) days**

1   of this Order;

2   2.   Plaintiff's motion to compel responses to requests for production of documents is

3        GRANTED in part as follows:

4        a.   Within **thirty (30) days**, defendants are ordered to either produce

5             documents responsive to Request Number 1 to plaintiff or provide the

6             Court with a declaration from a qualified official within CDCR stating that

7             defendants do not have access to the requested documents;

8        b.   Plaintiff's motion to compel further response to Request Numbers 2 and 3

9             is DENIED;

10       c.   Plaintiff's motion to compel further responses to Request Numbers 4 and 5

11            is GRANTED as modified by the Court.  Defendants have **thirty (30)**

12            **days** within which to serve their responses or further detail regarding the

13            accessibility of the documents;

14       d.   Defendants are ordered to provide further detail regarding their objections

15            to Request Numbers 10 through 14 within **ten (10) days** of this Order.  In

16            the alternative, defendants may produce the requested documents within

17            **thirty (30) days.**

18       e.   Within **thirty (30) days**, defendants are ordered to either produce

19            documents responsive to Request Number 15 to plaintiff or provide the

20            Court with a declaration from a qualified official within CDCR stating that

21            defendants do not have access to the requested documents;

22       f.   Plaintiff's motion to compel further responses to Request Number 16 is

23            DENIED;

24       g.   Defendants shall file a notice of compliance with this Order within **thirty**

25            **(30) days.**

26       h.   Pursuant to this Order, defendants are ordered to respond to select

27            discovery requests.  The court finds it is appropriate for plaintiff to be

28            relieved of his obligation to file an opposition to defendants' motion for

6

summary judgment until the discovery disputes in this action are deemed by the court to be sufficiently resolved.  Fed. Civ. P. 56(f); Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518-19 (9th Cir. 1987). The court will notify plaintiff when it is time for him to respond to the motion and will set a deadline.

IT IS SO ORDERED.

    **Dated:**   **July 6, 2007**               **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE