UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS,<br><br>                Plaintiff,<br>vs.<br><br>A. DIAZ, et al.,<br><br>                Defendant.<br>_____/ | 1:04-cv-05953-AWI-DLB-P<br><br>**ORDER DENYING MOTION TO RECUSE MAGISTRATE JUDGE DENNIS L. BECK**<br><br>(Document #102) |

      Plaintiff Donald Glass ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with a civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to United States Magistrate Judge Dennis L. Beck ("Magistrate Judge Beck") pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

      On February 29, 2007, Plaintiff filed a motion requesting the undersigned to recuse Magistrate Judge Beck from this action.   Plaintiff's primary reason for requesting recusal is Magistrate Judge Beck's failure to rule on Plaintiff's pending motions to compel.

      Title 28 U.S.C. § 455 provides the standard for disqualifying a judge.  Section 455 reads, in pertinent part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

1

1          . . . .

2          Under Section 455, judges have an affirmative duty to recuse themselves in any proceeding in which their impartiality might reasonably be questioned. <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994) (citation omitted). The alleged bias must stem from an "extrajudicial source." <u>Liteky</u>, 510 U.S. at 554-56; <u>United States v. Hernandez</u>, 109 F.3d 1450, 1454 (9th Cir. 1997). Generally, rulings by a court during the course of a case cannot be extra-judicial conduct requiring recusal. See <u>Hasbrouck v. Texaco, Inc.</u>, 830 F. 2d 1513, 1523-24 (9th Cir. 1987); <u>Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec</u>, 854 F. 2d 1538, 1548 (9th Cir. 1988). However, in <u>Liteky v. United States</u>, the Supreme Court recognized that:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a necessary condition for "bias or prejudice" recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice.

<u>Liteky</u>, 510 U.S. 540, 554. However, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. <u>Liteky</u>, 510 U.S. at 555; <u>Ortiz v. Stewart</u>, 149 F.3d 923, 940 (9th Cir. 1998); <u>United States v. Bauer</u>, 84 F.3d 1549, 1560 (9th Cir.1996). Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." <u>Liteky</u>, 510 U.S. at 555; <u>Chischilly</u>, 30 F.3d at 1149. Thus, judicial rulings may support a motion for recusal only "in the rarest of circumstances." <u>Liteky</u>, 510 U.S. at 555; <u>Chischilly</u>, 30 F.3d at 1149.

          In this case, Plaintiff asks that Magistrate Judge Beck be removed from this case because Plaintiff asserts that Magistrate Judge Beck has required Plaintiff to respond to Defendants' motion for summary judgment without ruling on Plaintiffs' motions to compel. Plaintiff's basis for claiming that Magistrate Judge Beck is biased arises from his orders in this case. As such, it is not a proper reason for recusal without a showing of "deep-seated and unequivocal antagonism that would render fair judgment impossible." The court notes that on February 23, 2007, Magistrate Judge Beck specifically ruled that Plaintiff would ***not*** be required to respond to the motion for summary judgment until his motion to compel was resolved. On July 9, 2007,

1  Magistrate Judge Beck granted in part and denied in part Plaintiff's motion to compel.   Based
2  on these two orders and a review of this entire action, there is no reason to recuse Magistrate
3  Judge Beck.   Plaintiff has simply failed to show anything close to a deep-seated favoritism on
4  the part of Magistrate Judge Beck.
5       Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to recuse Magistrate
6  Judge Beck is DENIED.
7  IT IS SO ORDERED.
8  **Dated:    August 6, 2007**                    /s/ Anthony W. Ishii
                                                UNITED STATES DISTRICT JUDGE