# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS,<br><br>            Plaintiff,<br><br>      v.<br><br>A. DIAZ, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:04-CV-5953-AWI-DLB-P<br><br>FURTHER ORDER RE PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed December 22, 2004, against defendants A. Diaz, E. Lawton, G. Tracy, D. Beebe, Kraay (named incorrectly as Traay), D. Bailey, Bryant, D. Case, M. Botello and Dr. Dang. Plaintiff claims defendants used excessive, failed to protect him and were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Plaintiff also claims defendants interfered with his access to the courts between April 17, 2002 and May 25, 2002 by withholding his legal mail. On October 30, 2006, plaintiff filed a motion to compel responses to Request for Admissions he served on defendants Diaz and Laton. Plaintiff also moved to compel production of documents.

On July 9, 2007, the Court granted the motion in part and ordered defendants to produce documents. The Court also ordered defendants to provide further detail supporting their objection to Request Nos. 10 -14 and their contention that the safety and security of the prison would be jeopardized if they produced copies of defendants' post orders. On July 26, 2007, defendants provided a response to the Court's order. On August 6, 2007, plaintiff filed an objection to

1    defendants' response.  Defendants filed a reply to plaintiff's objection on August 10, 2007.

2         In **Request Numbers 10 through 14**, plaintiff seeks "post orders" for defendants in their
3    respective assignments.  Defendants objected to these requests on the grounds that the information,
4    if released, may jeopardize the safety and security of the institution, the inmates, or the staff.  In their
5    further response, defendants explain that their post orders are a detailed description of the individual
6    duties and responsibilities assigned to a posted position.  For example, the post orders for a housing
7    unit control booth officer on first watch, are different from the post orders for a control booth officer
8    in the same housing unit on second watch.  *See* Defendant's Further Objection to production of Post
9    Orders, Ex. A.  Post orders also include a time schedule of work related tasks, information about the
10   physical location of the position, mandatory security checks, security telephone call routines and the
11   employee's responsibilities during an emergency.  *Id.*

12        Defendants contend the post orders are confidential because the information contained in
13   the orders can be used to circumvent security procedures.  Defendants contend that disclosing the
14   information could allow inmates to conduct illegal activities outside of staff's view, monitor staff
15   member's whereabouts and activities, learn the identity of staff responsible for responding to an
16   emergency at a particular location, learn the time and manner in which weapons are moved to and
17   from armed posts and other information which could be used to jeopardize the safety and security
18   of the institution, other inmates and staff.  *Id.*

19        Defendants have provided sufficient support for their objection to production of the post
20   orders.  The Court is satisfied that production of the post orders could jeopardize the safety and
21   security of the institution.  In response, plaintiff has failed to demonstrate actual and substantial
22   prejudice from the denial of the documents.  Plaintiff fails to explain why the post orders are relevant
23   and only makes the conclusory statement that they "are not confidential."  Given the sensitive nature
24   of the information, the Court finds that the potential dangers which could result from disclosure,
25   outweigh plaintiff's need for the discvoery.  Plaintiff's motion to compel further response to Request
26   Numbers 10-14 is therefore DENIED.

27        The Court finds that the discvoery disputes in this action are now sufficiently resolved.  Fed.
28   Civ. P. 56(f); Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518-19 (9th Cir. 1987).

Plaintiff is ordered to file his opposition to defendants' motion for summary judgment within 45 days of this Order.

 IT IS SO ORDERED.

**Dated:   January 30, 2008**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE