# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1:04-CV-5953-AWI-DLB-P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM AND SANCTIONS |
| v. | |
| A. DIAZ, et al., | (Doc. 116) |
| Defendants. | |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed December 22, 2004, against defendants A. Diaz, E. Lawton, G. Tracy, D. Beebe, Kraay (named incorrectly as Traay), D. Bailey, Bryant, D. Case, M. Botello and Dr. Dang. Plaintiff claims defendants used excessive, failed to protect him and were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Plaintiff also claims defendants interfered with his access to the courts between April 17, 2002 and May 25, 2002 by withholding his legal mail.

On January 7, 2008, plaintiff filed a motion for a subpoena duces tecum. (Doc. 116). Plaintiff states that on November 30, 2007 he was moved from his cell without his legal material or personal property. Plaintiff states that he has only received a fraction of his legal materials and contends that the remainder are missing, withheld or destroyed. Plaintiff requests that the court issue a subpoena commanding defendant Diaz, and non-parties Adams, Fields, Jennings, Pina, Munoz, Polan, Sumaya, Sztukowski, Martinez, Carlsen, Philips to produce all of plaintiff's legal and personal property. Plaintiff contends that he is the subject of retaliation for initiating the instant

1  lawsuit. Plaintiff states that counsel for defendants has refused to assist plaintiff in the recovery of
2  his property, and that defendant Diaz is acting "under the auspices" of his counsel.
3        Rule 45(a) of the Federal Rules of Civil Procedure provides for the production of documents
4  and tangible items from non-parties. A person subject to a Rule 45 subpoena duces tecum is subject
5  to the same scope of discovery under this rule as a party to whom a request is addressed pursuant to
6  F.R.C.P. 34, which governs the discovery of documents by parties. See Advisory Committee Note,
7  1991 Amendment to F.R.C.P. 45.
8        Although plaintiff states that he is not attempting to reopen discovery by making a request
9  for the issuance of a subpoena duces tecum, plaintiff's request must be denied. A subpoena duces
10 tecum is not the appropriate means to recover property that plaintiff alleges was unlawfully
11 confiscated. Plaintiff's request does not fall within the scope of proper discovery under F.R.C.P.
12 26(b)(1). Even if plaintiff's request was for the production of documents properly within the scope
13 of discovery, it is not clear whom of the eleven non-parties identified by plaintiff has possession,
14 custody or control of the materials, which plaintiff suggests may be missing or destroyed. Finally,
15 plaintiff's request is also overly broad, since he also requests the return of his personal property (ie.,
16 television, eyeglasses, hearing aids), which has nothing to do with the present litigation.
17       For the foregoing reasons, plaintiff's motion for the issuance of a subpoena duces tecum,
18 filed January 7, 2008, is denied. Plaintiff's request for sanctions is also denied.
19
20    IT IS SO ORDERED.
21    Dated:   **September 10, 2008**           **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE