1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  DONALD GLASS,                           CASE NO. 1:04-CV-5953-AWI-DLB-P

10                       Plaintiff,        ORDER DENYING PLAINTIFF'S MOTION
                                           FOR PRELIMINARY INJUNCTIVE RELIEF
11       v.                                AND/OR TEMPORARY RESTRAINING
                                           ORDER
12  A. DIAZ, et al.,
                                           (Docs. 117, 119)
13                       Defendants.

14  _____ /

15

16      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

17  pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's amended complaint, filed

18  December 22, 2004.  Pending before the court is plaintiff's motion for preliminary injunctive relief

19  and/or a temporary restraining order pursuant to 28 U.S.C. §1651 ("All Writs Act"), filed January

20  18, 2008, and resubmitted February 19, 2008. (Docs. 117, 119).   Plaintiff also seeks unspecified

21  sanctions.

22      Plaintiff requests that the court order defendant Diaz, his counsel, and non-parties Melo, Sgt.

23  Martinez, Sgt. Sumaya, Sgt. Sztukowski, Correctional Officers Carlsen, Detson, Gonzalez and

24  Phillips to return plaintiff's legal materials and personal property, which plaintiff contends were

25  unlawfully confiscated in November and December 2007.

26      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities

27  so heavily favors the moving party that justice requires the court to intervene to secure the positions

28  until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S.

1

1    390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1)

2    a combination of probable success and the possibility of irreparable harm, or (2) that serious

3    questions are raised and the balance of hardship tips in its favor."  Arcamuzi v. Continental Air

4    Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must

5    demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction should not issue if the

6    plaintiff "shows no chance of success on the merits."  Id.  At a bare minimum, the plaintiff "must

7    demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

8    Id.

9         Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must

10   have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103

11   S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and

12   State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d

13   1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has

14   no power to hear the matter in question.  Id.  "A federal court may issue an injunction *if* it has

15   personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*

16   attempt to determine the rights of persons not before the court."  Zepeda v. United States

17   Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

18        "[I]njunctive relief under the All Writs Act is to be used 'sparingly and only in the most

19   critical and exigent circumstances.'"  Brown v. Gilmore, 533 U.S. 1301, 122 S.Ct. 1, 2 (2001)

20   (quoting Ohio Citizens for Responsible Energy, Inc. v. NRC, 479 U.S. 1312, 1313, 107 S.Ct. 682

21   (1986) (internal quotations and citation omitted)).  "Such an injunction is appropriate only if 'the

22   legal rights at issue are indisputably clear.'"  Id. (quoting Ohio Citizens for Responsible Enegery,

23   479 U.S. at 1313 (internal quotations and citation omitted)).

24        This action is proceeding against defendants A. Diaz, E. Lawton, G. Tracy, D. Beebe, Kraay

25   (named incorrectly as Traay), D. Bailey, Bryant, D. Case, M. Botello and Dr. Dang.  Plaintiff claims

26   defendants used excessive, failed to protect him and were deliberately indifferent to his medical

27   needs in violation of the Eighth Amendment.  Plaintiff also claims defendants interfered with his

28   access to the courts between April 17, 2002 and May 25, 2002 by withholding his legal mail.

1    Because an order mandating the return of plaintiff's legal and personal property confiscated in

2    November and December 2007 would not remedy the claims upon which this action proceeds, the

3    court lacks jurisdiction to issue the order sought by plaintiff.

4          Therefore, plaintiff's motions for preliminary injunctive relief, filed January 18, 2008 and

5    resubmitted February 19, 2008, are HEREBY DENIED.  Plaintiff's request for sanctions is also

6    DENIED.

7

8    IT IS SO ORDERED.

9    **Dated:    September 12, 2008**                              /s/ **Anthony W. Ishii**
                                                          CHIEF UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28