# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1:04-cv-05953 AWI DLB PC |
| Plaintiff, | ORDER GRANTING MOTIONS FOR RECONSIDERATION |
| v. | |
| A. K. SCRIBNER, et al., | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| Defendants. | |
| _____ / | (Docs. 94, 154, 156, 171, & 172) |

Plaintiff Donald Glass, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 19, 2009, the Magistrate Judge filed a Findings and Recommendations that recommended Defendants' motion for summary judgment be granted in part and denied in part. On September 24, 2009, the court adopted the Findings and Recommendations. On September 25, 2009, Plaintiff filed objections. (Doc. 156.)

Plaintiff has now filed motions for reconsideration of the court's order adopting the Findings and Recommendations on the ground that the court did not consider Plaintiff's objections.

**A. Requests for Reconsideration**

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment or order (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. Fed.R.Civ.Pro. 60(b)

A review of the file reveals that Plaintiff's objections were timely. Plaintiff's objections were apparently submitted to prison officials for mailing on September 21, 2009. Including the three days given for service by mailing, Plaintiff's September 25, 2009 objections were timely and the court should have considered these objections. See Fed.R.Civ.Pro. 6. Thus, Plaintiff's motions for the court to reconsider its September 24, 2009 order are granted, and the court will review the Findings and Recommendations in light of the objections.

**B. Order Concerning Findings and Recommendations and Defendants' Motion for Summary Judgment**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including the objections, the court finds the Findings and Recommendations to be supported by the record and by proper analysis.

In the objections, Plaintiff contends that the Magistrate Judge erred in granting summary judgment on his access to court's claim. Contrary to Plaintiff's contentions, the Magistrate Judge did not find that the Ninth Circuit's May 15, 2002 order was never received at the prison. The Magistrate Judge found this fact was disputed. However, the Magistrate Judge concluded that Plaintiff had failed to meet all of the elements of an access to court's claim because he never requested the Ninth Circuit reconsider its dismissal on the ground Plaintiff had not timely received his legal mail. As Plaintiff provides no evidence that he did request reconsideration and attempt to comply with the Ninth Circuit's order upon finally receiving it, the recommendation for summary

judgment on the access to court's claim is appropriate.

Finally, in the objections, Plaintiff contends that the Magistrate Judge impermissibly found in a footnote that the complaint did not contain a state law tort claim for sexual assault. The summary judgment motion did not ask the court to grant summary judgment on any sexual assault tort cause of action, and the Findings and Recommendations do not recommend granting summary judgment on such a cause of action. Thus, objections to the Findings and Recommendations is not the appropriate place to determine what claims are actually contained in the operative complaint. Once the Magistrate Judge schedules this case for trial, the parties remain free to file briefs on what causes of action they believe are contained in the complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for reconsideration are GRANTED and the court will re-review the Findings and Recommendations in light of the September 25, 2009 objections;

2. After considering the objections and the entire file, the court ADOPTS the Findings and Recommendations, filed August 19, 2009;

3. Defendants' motion for summary judgment, filed December 27, 2006, is GRANTED IN PART and DENIED IN PART as follows:

    a. Defendant Tracy is granted summary judgment on the excessive force claim against him arising from the April 17, 2002 cell extraction;

    b. Defendants are granted summary judgment on Plaintiff's retaliation claim concerning the April 17, 2002 cell extraction;

    c. Defendant Lawton is granted summary judgment on the excessive force claim against him arising from the May 5, 2002 use of force incident;

    d. Defendants are granted summary judgment on Plaintiff's denial of access to the courts claim;

    e. Defendants are granted summary judgment on Plaintiff's retaliation claim concerning his continued placement on strip cell status from May 13, 2002 to May 24, 2002;

1        f.    Defendants are granted summary judgment on Plaintiff's claim for damages against Defendants in their official capacities;

      g.    The remainder of Defendants' motion for summary judgment is denied; and

4.    This matter is referred to the Magistrate Judge to set a briefing schedule.

IT IS SO ORDERED.

**Dated:  April 8, 2010**                   /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE