# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1:04-CV-05953-LJO-DLB PC |
| Plaintiff, | ORDER DENYING MOTION TO SEVER CLAIMS |
| v. | (DOC. 181) |
| D. BAILEY, et al., | |
| Defendants. | |

Plaintiff Donald Glass ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se. This action is proceeding against Defendants Bailey, Beebe, Botello, Lawton, Kraay, Bryant, Case, Dang, Diaz, and Tracy.

On September 20, 2010, Defendants filed a motion to sever the claims and parties into separate actions, or in the alternative, separate trials. (Doc. 181.) On October 21, 2010, Plaintiff filed his opposition. (Doc. 191.) The Court does not find a reply necessary for the adjudication of this motion. The matter is submitted pursuant to Local Rule 230(l).

Defendants contend that Plaintiff alleges two separate incidents. (Defs.' Mot. 2:20-3:5.) On April 17, 2002, Defendants Beebe, Botello, Diaz, and Lawton allegedly used excessive force during a cell extraction. (*Id.* 1:21-22.) On May 5, 2002, Defendants Bailey, Bryant, Case, Kraay, and Lawton allegedly used excessive force or failed to intervene when excessive force was used. (*Id.* 1:22-24.) Defendant Dang allegedly failed to provide medical care for Plaintiff following the May 5 incident, in retaliation for Plaintiff filing inmate grievances. (*Id.* 1:24-26.)

1

Defendants contend that the claim against Defendant Lawton for the May 5 excessive force incident was dismissed by their motion for summary judgment.  Accordingly, Defendants contend that the April 17 and May 5 incidents are separate claims and should be severed into separate actions, or trials.

Plaintiff contends that his claims link the April 17 and May 5 incidents because Defendants Dang and Lawton were involved in both.  (Pl.'s Opp'n 2-4.)

A party who is asserting a claim may join as many independent or alternative claims as it has against an opposing party.  Fed. R. Civ. P. 18.  Additionally, parties are properly joined as defendants if there is any right to relief asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.  *Id.* 20(a)(2).

Defendants are in error.  Defendants filed a motion for summary judgment on December 26, 2006.  (Doc. 94.)  On August 19, 2009, following further discovery, the Magistrate Judge issued his Findings and Recommendation.  (Doc. 154.)  These Findings and Recommendation were later adopted by the prior District Judge on April 9, 2010.  (Doc. 174.)  Defendant Lawton was granted summary judgment as to the excessive force claim arising from the May 5, 2002 incident.  However, the claims against Defendant Dang for deliberate indifference to a serious medical need and retaliation still remain as to both the April 17 and May 5 incidents.  Plaintiff's claims of 1) retaliation against Defendants[1] for placing him on strip cell status from April 18 to April 28, 2002 and 2) retaliation against Defendants Tracy and Lawton for placing him on strip cell status from May 6 to May 16, 2002, also still remain in this action.  Thus, the Defendants here are properly joined in the same action.

In the alternative, Defendants contend that this Court should sever the claims into two separate trials for purposes of convenience, to avoid prejudice, or where separate trials will be conducive to expedition and economy.  *U.S. v. 1,071.08 Acres of Land*, 564 F.2d 1350, 1352 (9th

---

[1] Based on Plaintiff's verified complaint, Defendants Beebe, Botello, Diaz, Lawton, and Tracy were involved in placing Plaintiff on strip cell status from April 18 onward.  (Doc. 134-1, Ex. 1, Pl.'s Am. Compl. ¶ 35.)  Based on the filings regarding the motion for summary judgment, Plaintiff contends that Defendant Diaz was the one who specifically placed Plaintiff on strip cell status on April 18 to April 28.  (Doc. 133, Pl.'s Opp'n 78:19-21.)

Cir. 1977) (citing Fed. R. Civ. P. 42(b)). (Defs.' Mot. 3:7-11.) Defendants contend that to keep these two separate incidents together would confuse the jury. (*Id.* 3:12-15.) Defendants contend that Plaintiff would not likely be capable of a coordinated presentation to the jury because he is not an experienced litigator and is a participant in the Mental Health Treatment Program at Kern Valley State Prison. (*Id.* 3:16-19.)

The Court declines to order separate trials. As stated previously, these claims are not unrelated. Plaintiff's lack of experience as a litigator and participation in the mental health treatment program are not sufficient reasons to justify separate trials. Judicial economy favors keeping these claims together in one trial.

The Court does not find severance of these claims appropriate. Accordingly, Defendants' motion, filed September 20, 2010, is DENIED.

IT IS SO ORDERED.

**Dated:   October 25, 2010**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE