# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1:04-CV-05953-LJO-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR TRIAL TRANSCRIPTS AT GOVERNMENT EXPENSE |
| v. | |
| A. K. SCRIBNER, et al., | (DOC. 248) |
| Defendants. | |

Plaintiff Donald Glass ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se and in forma pauperis on appeal in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeded to jury trial on November 30, 2010. Judgment was entered on December 1, 2010, for Defendants and against Plaintiff. Doc. 224. Plaintiff filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit on January 13, 2011. Doc. 233. Pending before the Court is Plaintiff's motion for transcripts at government expense, filed December 5, 2011. Doc. 248. Plaintiff requests transcripts of proceedings from voir dire, opening statement, opinion of court, jury instructions, telephonic pretrial conference, and the motions in limine hearing.

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); *McKinney v. Anderson*, 924 F.2d 1500, 1511-12 (9th Cir. 1991) (subsequent history omitted). Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense.

First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct payment the government to pay for transcripts for a litigant proceeding in forma pauperis.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a substantial question. *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984). Based on Plaintiff's notice of appeal, the Court finds that the appeal does not present a substantial question as to Plaintiff's pretrial and trial proceedings. The request for a transcript at government expense is therefore denied. Plaintiff may renew his request for a transcript at government expense with the appellate court by filing a motion in that court if he wishes. In addition, Plaintiff is notified that the appellate court has access to the Court's file in this case, and will request any necessary documents that are in the record directly from this Court.

Based on the foregoing, Plaintiff's motion for trial transcripts at government expense is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   December 13, 2011              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE